UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL LEE HINES, #452677,

       Petitioner,

                                              CASE NO. 2:15-CV-10178
v.                                          HONORABLE VICTORIA A. ROBERTS

STATE OF MICHIGAN,

       Respondent.
                                              /

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Michigan prisoner Nathaniel Lee Hines ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, submitted a pro se pleading entitled a "Writ of Error" challenging his state criminal proceedings. Petitioner pleaded guilty to first-degree home invasion, Mich. Comp. Laws § 750.110a, and unlawfully driving away an automobile, Mich. Comp. Laws § 750.413, in the Ingham County Circuit Court. He was sentenced to 4 years 7 months to 20 years imprisonment on the home invasion conviction and 3 years 4 months to 5 years imprisonment on the unlawfully driving away conviction in 2004. In his pleading, Petitioner challenges the state court's jurisdiction, his arrest, the pre-trial proceedings, the charges against him, and the validity of his prosecution and plea.

For the reasons stated, the Court dismisses the "Writ of Error" without prejudice.

**II.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). "[A] district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III.

Petitioner entitles his pleading as a "Writ of Error" but does not provide any legal authority for such a pleading to be filed in federal court. Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013); s*ee also Gibson v. Department of Corrections*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a party "cannot commence a civil action by filing a motion"); *Luna v. Ford Motor Co.,* No. 3:06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *Illinois Blower, Inc., v. Deltak*, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004) (holding that "jurisdiction does not

attach until a complaint is actually filed").

Additionally, the United States Supreme Court has held that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for a writ of habeas corpus must be in the form of a petition which specifies each ground for relief. Petitioner's "Writ of Error" pleading is insufficient to commence a civil action, including a habeas action, in federal court. Petitioner fails to cite any authority for his pleading and the pleading does not conform to any pleading standard set forth in the Federal Rules of Civil Procedure.

The Court declines to construe Petitioner's "Writ of Error" pleading as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. First, Petitioner may want to assert additional or different claims for relief in a habeas petition than those contained in this filing. Second, if the Court were to construe the filing as a habeas petition, a second or successive habeas petition would be foreclosed unless Petitioner obtained authorization from the United States Court of Appeals for the Sixth Circuit for another petition. 28 U.S.C. § 2244(b). Third, Petitioner has already filed a habeas petition challenging the same convictions with this Court. That case was dismissed without prejudice because Petitioner had not yet exhausted state court remedies. *See Hines v. Romanowski*, No. 2:14-CV- 13983 (E.D. Mich. 10/22/14) (Edmunds, J.). In that case, Petitioner submitted a habeas petition specifically citing 28 U.S.C. § 2254. Thus, if Petitioner intended the pending matter to be filed as a habeas action, he clearly had the knowledge to file it as such. Petitioner may not circumvent the habeas filing requirements, or those for other civil cases, by filing an unauthorized action. The instant case must be dismissed.

**IV.**

The Court finds that Petitioner has not filed a proper complaint or habeas petition to commence a civil action under the Federal Rules of Civil Procedure and his "Writ of Error" fails to conform with any pleading allowed by the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the "Writ of Error." This case is closed.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 23, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Nathaniel Lee Hines by electronic means or U.S. Mail on January 23, 2015.

S/Carol A. Pinegar
Deputy Clerk